IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RACHEL OZONOH, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 3:11-CV-02287-BK |
| | § |
| MICHAEL J. ASTRUE, | § |
| Commissioner of Social Security, | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION

Pursuant to the parties' consent to proceed before the magistrate judge (Doc. 11), this case has been transferred to the undersigned for final ruling. For the reasons discussed herein, Plaintiff's *Motion for Summary Judgment* (Doc. 18) is **GRANTED**, and Defendant's *Motion for Summary Judgment* (Doc. 19) is **DENIED**. The Commissioner's decision is, thus, **REVERSED,** and the case is **REMANDED** for further proceedings.

### I. BACKGROUND[1]

**A.    Procedural History**

Plaintiff seeks judicial review of a final decision by the Commissioner denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). Plaintiff filed for DIB and SSI, claiming disability since July 2009. (Tr. at 19). Her application was denied at all administrative levels, and she now appeals to this Court pursuant to 42 U.S.C. § 405(g). (Tr. at 5, 19, 23).

---

[1] The following background comes from the transcript of the administrative proceedings, which is designated as "Tr."

B.  **Factual Background**

Plaintiff was 53 years old at the time of the administrative hearing, had completed some college coursework, and had worked in data entry and customer service. (Tr. at 32-33). Medical records from around Plaintiff's onset date show that she suffered from hypothyroidism, depression, anxiety, chronic pain, somatoform pain disorder, degenerative joint disease of the bilateral knees and lumbar spine, and obesity. (Tr. at 194, 333-36, 364-65, 367, 370, 373). In particular, during 2009, Plaintiff began suffering severe pain in her lower back and both knees. (Tr. at 333, 335-36, 385-86). A hospital physician identified the pain's origin as the sacroiliac joint from degenerative joint disease (noting that Plaintiff had fallen twice), and he prescribed pain medication. (Tr. at 334-35). Plaintiff complained that she could only sit for periods of less than 20 minutes and stand for less than ten minutes. (Tr. at 316).

A consultative exam performed in November 2009 resulted in diagnoses of pain disorder associated with psychological factors and Plaintiff's general medical condition, mood disorder due to a general medical condition, nicotine dependence, and obesity. (Tr. at 364-65). The consultative examiner issued a guarded prognosis, stating that Plaintiff had been able to work in the past, but chronic pain, a history of auditory and visual hallucinations, and a depressed mood would be a challenge to vocational rehabilitation "at this time." (Tr. at 361, 363, 365). In particular, he noted Plaintiff's depressed mood, difficulty concentrating, sleep disturbance, suicidal ideation, chronic lower back pain, fatigue, obsessive thoughts, significant somatic preoccupation, problems with short term memory, anhedonia, and lack of energy. (Tr. at 360-364).

In December 2009, Plaintiff saw treating physician, Dr. Carlos Reyes-Pescador, who

diagnosed her with degenerative arthritis and chronic intractable pain. *Id.* at 527. In January through March 2010, Dr. Reyes-Pescador noted that Plaintiff had a history of chronic pain and was complaining of lower back pain, neck pain, depression, and anxiety as well as swelling and numbness in her left leg. (Tr. at 520-26). He diagnosed her with chronic anxiety and depression, noted that she was easily fatigued, and had headaches and dizziness, as well as weakness in her lower left extremity. *Id.* at 520-21. Dr. Reyes-Pescador also diagnosed Plaintiff with chronic pain syndrome. *Id.* at 521, 523.

**C.**     **The ALJ's Findings**

On September 21, 2010, The ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, degenerative disease of the left and right knees, hypothyroidism, hypertension, chronic pain, major depressive disorder, and anxiety disorder, but concluded that the impairments did not did not meet or equal one of the Listings. (Tr. at 17-18). The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and ten pounds frequently, and she could stand/sit/walk for six hours in an eight-hour workday. *Id*. at 18. The ALJ also found that Plaintiff was restricted to work that did not demand complex instructions or job tasks. *Id*. The ALJ relied on the testimony of a vocational expert to determine that Plaintiff could perform her past relevant work.

**D.**     **Administrative Appeal Proceedings**

In connection with her administrative appeal, Plaintiff submitted an RFC assessment from Dr. Reyes-Pescador, dated September 29, 2010. In his assessment, Dr. Reyes-Pescador stated that Plaintiff could sit, stand/walk, and lie down for periods of less than one hour, during an eight-hour workday. (Tr. at 8, 642). Dr. Reyes- Pescador also opined that Plaintiff would miss

3

work four days or more each month due to chronic pain. *Id*. Additionally, Dr. Reyes-Pescador noted that in an eight-hour workday, Plaintiff would need to frequently elevate her legs and change positions, and that she experienced limitations due to arthritis, muscle spasms, and pain. *Id*. Finally, the doctor stated that Plaintiff could never lift and carry any weight, and her limitations were expected to be permanent. (Tr. at 642-43). The Appeals Council summarily noted that it had considered the additional evidence, but the information did not provide a basis for changing the ALJ's decision. (Tr. at 5-6).

## II.  APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing her past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant.

*Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* If the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III.   ARGUMENT AND ANALYSIS

Plaintiff contends that the Appeals Council erroneously rejected Dr. Reyes-Pescador's treating physician opinion without explanation or good cause, even though his RFC assessment was directly at odds with the ALJ's findings. Plaintiff maintains that remand is required for further consideration of Dr. Reyes-Pescador's RFC assessment and analysis of the six factors set

5

out in 20 C.F.R. § 404.1527(d)(2).  (Doc. 18 at 14-17).

The government responds that the RFC assessment is not material because Dr. Reyes-Pescador's finding that Plaintiff is disabled and unable to work is a legal conclusion, not a medical opinion and, thus, is not entitled to any weight.  (Doc. 20 at 8).  In reply, Plaintiff reiterates her prior arguments.  (Doc. 21).

Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based.  *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005).  The Commissioner may reject the opinion of any physician if the evidence of record supports a contrary conclusion.  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  Every medical opinion is evaluated regardless of its source, but the Commissioner generally gives greater weight to opinions from a treating physician.  20 C.F.R. § 404.1527(d).  In fact, when "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," the Commissioner must give such an opinion controlling weight.  *Id.*

If the evidence supports a contrary conclusion, however, an opinion of any physician may be rejected.  *Newton*, 209 F.3d at 455.  A treating physician's opinion also may be given little or no weight when good cause exists, such as "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence."  *Id*. at 455-56.  Under section 404.1527(d)(2), before the Commissioner can reject a treating doctor's opinion, he must consider the following six factors: (1) the physician's length of treatment of the claimant; (2) the physician's frequency

6

of examination; (3) the nature and extent of the treatment relationship; (4) the support for the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *Id.* at 455-56. When an ALJ fails to apply the six-factor test, the case should be remanded. *Id.* at 456.

When the Appeals Council makes a decision, it must follow the same rules for considering medical opinion evidence as ALJs follow. 20 C.F.R. § 404.1527(f)(3). Based on its internal procedures, the Appeals Council generally need not provide a detailed discussion about all new evidence submitted to it. *Higginbotham*, 405 F.3d at 335 n.1 (referring to a memorandum from the Commissioner's Executive Director of Appellate Operations dated July 1995). Nevertheless, where new medical opinion evidence is submitted to the Appeals Council and is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, several judges have found that the case should be remanded so that the Appeals Council fully can evaluate the treating source statement. *Brown v. Astrue*, 2010 WL 3895509, *5 (N.D. Tex.), *aff'd* 2010 WL 3895507 (N.D. Tex. 2010); *Lee v. Astrue*, 2010 WL 3001904, *7 (N.D.Tex. 2010); *Stewart v. Astrue*, 2008 WL 4290917 *4 (N.D. Tex. 2008); *see also Jones v. Astrue*, 2008 WL 3004514, *4-5 (S.D. Tex. 2008) (remand required where the summary denial of a request for review provided no indication that the Appeals Council evaluated the treating source statement as required by SSR 96-5); *Green v. Astrue*, 2008 WL 3152990, *7-9 (N.D. Tex. 2008) (remand required where the summary denial of a request for review provided no indication that the Appeals Council evaluated the treating source statement pursuant to the six-factor test set forth in 20 C.F.R. § 404.1527(d)); *Stevenson v. Astrue*, 2008 WL 1776504, *3-4 (N.D. Tex. 2008) (same); *cf.* SSR 96-5 (providing that adjudicators must weigh medical source statements

and RFC assessments and "provide appropriate explanations for accepting or rejecting such opinions").

In the case at bar, Dr. Reyes-Pescador's RFC assessment significantly conflicts with the ALJ's assessment of Plaintiff's work abilities in relation to Plaintiff's ability to lift weight, the length of time she can sit, stand, and walk, and whether she needs to take numerous unscheduled breaks throughout the day.  Moreover, Dr. Reyes-Pescador's RFC assessment is supported by other medical evidence of record, in particular that of the consulting physician.  (Tr. at 360-65).  Accordingly, this case should be remanded for further consideration by the Commissioner of the six factors set forth in section 404.1527(d)(2), in light of Dr. Reyes-Pescador's treating source opinion.  Because remand is required on this ground, the Court declines to address Plaintiff's remaining arguments.  Plaintiff can raise those issues before the ALJ on remand.  20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment* (Doc. 18) is **GRANTED** and Defendant's *Motion for Summary Judgment* (Doc. 20) is **DENIED**.

**SO ORDERED** on February 21, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE